

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0474-18

**ADRIAN JEROME PARKER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### GREGG COUNTY

*Per curiam.*

## O P I N I O N

Appellant, Adrian Jerome Parker, was convicted of four offenses. One of those offenses was engaging in organized criminal activity by conspiring to commit the offense of possession with intent to deliver between 4 and 200 grams of a controlled substance.[1] This

---

[1] The other three offenses (not at issue here) included: possession with intent to deliver a controlled substance, cocaine, in an amount of 4 grams or more, but less than 200 grams (Count II); tampering with evidence (Count III); and possession with intent to deliver a controlled substance, cocaine, in an amount of one gram or more, but less than 4 grams (Count IV). He was sentenced to forty-five years' imprisonment on Count II and to twenty years' imprisonment on each of Count III and Count IV— with all sentences to run concurrently.

conviction was based on § 71.02(a)(5) of the Texas Penal Code.[2]

Parker appealed that conviction, arguing that the evidence was insufficient because possession with intent to deliver is not a valid predicate offense for engaging in organized criminal activity. The court of appeals agreed and rendered an acquittal.[3] The court of appeals stated that it did not reform the conviction to reflect a lesser-included offense because "no greater-inclusive offense" existed and therefore there could "be no lesser-included offense."[4]

This Court initially granted the State Prosecuting Attorney's petition for discretionary review to examine that holding. Having examined the record and the briefs, we now conclude that our decision to grant review was improvident. We therefore dismiss the SPA's petition for discretionary review as improvidently granted.

Delivered: March 11, 2020

Do not publish

---

[2] *See* TEX. PENAL CODE § 71.02(a)(5) (listing as a predicate for engaging in organized criminal activity: "unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception").

[3] *Parker v. State*, No. 06-17-00167-CR, 2018 WL 1733969 (Tex. App.—Texarkana Apr. 11, 2018) (mem. op., not designated for publication).

[4] *Id.* at *4 n.8.